UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------x

**13 CV 1145**

KEVIN HILL,

                                        Plaintiff,              :

            -against-                                           :

                                                               :

THE CITY OF NEW YORK; OLIVER CASTILLO,          :          **COMPLAINT**
Individually and in His Official Capacity; EZEQUIEL   :
MARTINEZ, Individually and in His Official Capacity;   :          **Jury Trial Demanded**
and JOHN/JANE DOES, Nos. 1-10, Individually and   :          **ECF Case**
in Their Official Capacities (Members of the New York   :
City Police Department Whose Names Are Presently   :          FEB 20 2013
Unknown to Plaintiff),                                         :

                                        Defendants.            :
------------------------------------------------------------------------x

        Plaintiff KEVIN HILL, by his attorney, Robert T. Perry, respectfully alleges as follows:

                            **NATURE OF ACTION**

        1.      Plaintiff brings this action for compensatory damages, punitive damages, and

attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violation of his civil rights

under 42 U.S.C. § 1983 and the Fourth and Fourteenth Amendments to the United States

Constitution.

                        **JURISDICTION AND VENUE**

        2.      This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the

Fourth and Fourteenth Amendments to the United States Constitution.

        3.      The Court has jurisdiction over plaintiff's federal law claims under 28 U.S.C. § 1331

and 28 U.S.C. § 1343.

        4.      Venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b) in

that a substantial part of the events giving rise to plaintiff's claims occurred in this district.

## JURY DEMAND

5.      Plaintiff demands trial by jury of all issues properly triable thereby pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.      Plaintiff KEVIN HILL is African American.  Plaintiff is a resident of Bronx County in the State of New York.

7.      Defendant THE CITY OF NEW YORK ("the City") is, and was at all times relevant herein, a municipal corporation duly organized and existing under the laws of the State of New York.  The City maintains the New York City Police Department ("NYPD"), which acts as its agent in the area of law enforcement and for which it is ultimately responsible.  The City assumes the risks incidental to the maintenance of a police force and the employment of police officers, as said risks attach to the public consumers of the services provided by the NYPD.

8.      Defendant OLIVER CASTILLO (Shield No. 1350) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Castillo was a police officer assigned to the PSA Number 7 Precinct. Defendant Castillo is being sued in his individual and official capacities.

9.      Defendant EZEQUIEL MARTINEZ (Shield No. 29845) is, and was at all relevant times herein, a duly appointed agent, employee, officer, and servant of the NYPD.  During the relevant times herein, defendant Martinez was a police officer assigned to the 40th Precinct. Defendant Martinez is being sued in his individual and official capacities.

10.      All "John Doe" and "Jane Doe" defendants are, and were at all relevant times herein, duly appointed agents, employees, officers, and servants of the NYPD.  The Doe defendants are being sued in their individual and official capacities.

11.     At all relevant times herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, employees, officers, and servants of the NYPD, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions and duties.  At all relevant times herein, the individual defendants were acting for and on behalf of the NYPD, with the power and authority vested in them as agents, employees, officers, and servants of the NYPD.

12.     At all relevant times herein, the individual defendants acted jointly and in concert with each other.  Each individual defendant had the duty and the opportunity to protect plaintiff from the unlawful actions of the other individual defendants but each individual defendant failed and refused to perform such duty, thereby proximately causing plaintiff's injuries.

## STATEMENT OF FACTS

### The March 4, 2011 Arrest

13.     On Friday, March 4, 2011, at about 7:00 p.m., plaintiff stopped at 428 East 157th Street, Bronx, New York to see his friend Bobo (Alphonso), who lived in the apartment building at that address.  Plaintiff had a standing invitation from Bobo to visit him in his home.  Plaintiff wanted to speak to Bobo about a job opening at Bobo's place of work.

14.     Plaintiff entered the lobby, proceeded to Bobo's apartment, and knocked on the door.  Bobo's mother Bern(ice) opened the door.  She told plaintiff that Bobo was not home.  Plaintiff and Bern talked for about five minutes.  Plaintiff then left.

15.     As plaintiff exited the lobby, two uniformed police officers, including defendant Martinez, entered the lobby.  Once outside the apartment building, plaintiff began walking towards Elton Avenue to meet his 10-year-old son and brother, who had stopped at a nearby store.

16.     As plaintiff walked towards Elton Avenue, the two officers whom he had just passed in the lobby of the apartment building at 428 East 157th Street stopped plaintiff without probable

3

cause to believe that plaintiff had committed any crime, reasonable suspicion of any criminal activity, or a common-law right to inquire.

17.    The officers asked plaintiff why he had been in the apartment building at 428 East 157th Street.  Plaintiff answered that he had gone there to visit a friend.  An officer replied, in sum and substance, "Yeah, right!"

18.    The officers arrested plaintiff and handcuffed him as his 10-year-old son watched in stunned disbelief.

19.    The officers made no attempt to verify that plaintiff had been invited into the apartment building at 428 East 157th Street.  Had the officers gone to Bobo's apartment and knocked on the door, Bern would have opened the door and told the officers that plaintiff was invited to visit.

20.    Shortly before the officers stopped plaintiff, they also stopped a white male exiting the apartment building at 428 East 157th Street but let him go after he told them that he lived in the building, without verifying that the white male did, in fact, live in the building.

21.    Plaintiff was taken to the 40th Precinct, where he was strip searched without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense. No drugs or contraband were found on plaintiff's person or in his possession.

22.    Plaintiff was later taken to Central Booking in the Bronx.  On Sunday afternoon, March 6, 2011, after almost 48 hours in custody, plaintiff was released from Bronx Criminal Court without charges.

**The March 8, 2011 Arrest**

23.    Two days later, on March 8, 2011, at about 7:14 p.m., plaintiff stopped at 320 East 156th Street, Bronx, New York to visit his friend Curt(is) who lived in the apartment building at that address.  Plaintiff had a standing invitation from Curt to visit him in his home.

4

24.     As plaintiff entered the lobby, he was stopped by two police officers, including defendant Castillo, without probable cause to believe that plaintiff had committed any crime, reasonable suspicion of any criminal activity, or a common-law right to inquire.

25.     The officers asked plaintiff why he was in the building.  Plaintiff answered that he was there to visit his friend Curt in Apartment No. 12F.  The officers told plaintiff that they were going upstairs with him in the elevator.

26.     On the way upstairs in the elevator, the officers handcuffed plaintiff.  The handcuffs were excessively tight.

27.     Upon reaching the twelfth floor, one officer detained plaintiff in the elevator.  The other officer took plaintiff's driver's license and exited the elevator, ostensibly to verify that plaintiff was there to visit his friend Curt in Apartment No. 12F.

28.     Curt was home at the time but no police officer knocked on his door.  Had an officer knocked on his door, Curt would have opened the door and told the officer that plaintiff was invited to visit.

29.     The officers took plaintiff to the PSA Number 7 Precinct.  Plaintiff asked the officers to loosen his handcuffs on the way.  They ignored his request until after they arrived at the precinct, where they finally loosened the handcuffs.

30.     Plaintiff was later taken to Central Booking in the Bronx.  On Wednesday evening, March 9, 2011, plaintiff was arraigned in Bronx Criminal Court and charged with criminal trespass in the second degree, criminal trespass in the third degree, and trespass.  Plaintiff pleaded not guilty and was released on his own recognizance, after more than 24 hours in custody.

31.     On July 19, 2011, all charges against plaintiff were dismissed after plaintiff's friend Curt spoke to an assistant district attorney, verifying that plaintiff had a standing invitation to visit Curt in his home at 320 East 156th Street.

32.    As a result of the foregoing, plaintiff sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation, deprivation of his liberty, and violation of his constitutional rights.

### FIRST CLAIM FOR RELIEF

**(False Arrest Claim Under 42 U.S.C. § 1983 Arising From the March 4, 2011 Incident)**

33.    Plaintiff repeats and realleges paragraphs "1" through "32" with the same force and effect as if they were fully set forth herein.

34.    Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

### SECOND CLAIM FOR RELIEF

**(False Arrest Claim Under 42 U.S.C. § 1983 Arising From the March 8, 2011 Incident)**

35.    Plaintiff repeats and realleges paragraphs "1" through "34" with the same force and effect as if they were fully set forth herein.

36.    Defendants, acting in concert and within the scope of their authority, stopped, arrested, and caused plaintiff to be imprisoned without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## THIRD CLAIM FOR RELIEF

**(Unlawful Strip Search Claim Under 42 U.S.C. § 1983 Arising From the March 4, 2011**

**Incident)**

37.     Plaintiff repeats and realleges paragraphs "1" through "36" with the same force and effect as if they were fully set forth herein.

38.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be strip searched without reasonable suspicion or probable cause to believe that plaintiff had committed any crime or offense, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FOURTH CLAIM FOR RELIEF

**(Excessive Force Claim Under 42 U.S.C. § 1983 Arising From the March 8, 2011 Incident)**

39.     Plaintiff repeats and realleges paragraphs "1" through "38" with the same force and effect as if they were fully set forth herein.

40.     Defendants, acting in concert and within the scope of their authority, used objectively unreasonable force in arresting plaintiff, in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## FIFTH CLAIM FOR RELIEF

**(Malicious Prosecution Claim Under 42 U.S.C. § 1983 Arising From the March 8, 2011**

**Incident)**

41.     Plaintiff repeats and realleges paragraphs "1" through "40" with the same force and effect as if they were fully set forth herein.

42.     Defendants, acting in concert and within the scope of their authority, caused plaintiff to be prosecuted with malice and without probable cause -- a prosecution that terminated in

plaintiff's favor -- in violation of plaintiff's right to be free from unreasonable seizure under the Fourth and Fourteenth Amendments to the United States Constitution.

## SIXTH CLAIM FOR RELIEF

### (Equal Protection Claim Under 42 U.S.C. § 1983 Arising From the March 4, 2011 Incident)

43.     Plaintiff repeats and realleges paragraphs "1" through "42" with the same force and effect as if they were fully set forth herein.

44.     Defendants, acting in concert and within the scope of their authority, deprived plaintiff of equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

## SEVENTH CLAIM FOR RELIEF

### (Equal Protection Claim Under 42 U.S.C. § 1983 Arising From the March 8, 2011 Incident)

45.     Plaintiff repeats and realleges paragraphs "1" through "44" with the same force and effect as if they were fully set forth herein.

46.     Defendants, acting in concert and within the scope of their authority, deprived plaintiff of equal protection of the laws, in violation of the Fourteenth Amendment to the United States Constitution.

## EIGHTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983 Arising From the March 4. 2011 Incident)

47.     Plaintiff repeats and realleges paragraphs "1" through "46" with the same force and effect as if they were fully set forth herein.

48.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to

do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## NINTH CLAIM FOR RELIEF

### (Failure-to-Intervene Claim Under 42 U.S.C. § 1983 Arising From the March 8, 2011 Incident)

49.     Plaintiff repeats and realleges paragraphs "1" through "48" with the same force and effect as if they were fully set forth herein.

50.     Each individual defendant had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in that defendant's presence by other police officers, but failed to intervene to prevent the unlawful conduct, despite having had a realistic opportunity to do so, in violation of plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## TENTH CLAIM FOR RELIEF

### (Municipal Liability Claim Under 42 U.S.C. § 1983 Arising From the March 4, 2011 Incident)

51.     Plaintiff repeats and realleges paragraphs "1" through "50" with the same force and effect as if they were fully set forth herein.

52.     The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

53.     The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making unlawful stops on suspicion of trespass outside private owned apartment buildings in the Bronx, such as the building at 428 East 157th Street, enrolled in the Trespass Affidavit Program, formerly known as Operation Clean Halls.

9

54.     The existence of the foregoing customs, policies, procedures, rules, and usages may be inferred from repeated occurrences of similar wrongful conduct, as documented in recent civil rights actions filed against the City. *See, e.g., Ligon v. City of New York*, 12 Civ. 2274 (SAS), 2013 WL 71800 (S.D.N.Y. Jan. 8, 2013).

55.     The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

56.     The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

57.     The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

58.     The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## ELEVENTH CLAIM FOR RELIEF

**(Municipal Liability Claim Under 42 U.S.C. § 1983 Arising From the March 8, 2011 Incident)**

59.     Plaintiff repeats and realleges paragraphs "1" through "58" with the same force and effect as if they were fully set forth herein.

60.     The individual defendants, singly and collectively, while acting under color of state law, engaged in conduct that constituted customs, policies, practices, procedures, rules, or usages of the City and the NYPD forbidden by the Constitution of the United States.

61.     The foregoing customs, policies, practices, procedures, rules, and usages include, but are not limited to, making unlawful stops on suspicion of trespass in New York City public housing buildings. *See, e.g., Davis v. City of New York*, 10 Civ. 699 (SAS), 2012 WL 4813837 (S.D.N.Y. Oct. 9, 2012).

10

62.    The City has inadequately screened, hired, retained, trained, and supervised its employees, including the individual defendants herein, to respect the constitutional rights of those individuals with whom NYPD police officers come in contact.

63.    The foregoing customs, policies, practices, procedures, rules, and usages constituted deliberate indifference to plaintiff's safety, well-being, and constitutional rights.

64.    The foregoing customs, policies, practices, procedures, rules, or usages were the direct and proximate cause of the constitutional violations suffered by plaintiff.

65.    The foregoing customs, policies, practices, procedures, rules, or usages were the moving force behind the constitutional violations suffered by plaintiff.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff demands the following relief jointly and severally against all the defendants:

(A)    Compensatory damages in an amount to be determined at trial;

(B)    Punitive damages in an amount to be determined at trial;

(C)    Reasonable attorney's fees and costs of this litigation; and

(D)    Such other relief as this Court deems just and proper.

Dated:    Brooklyn, New York
          February 19, 2013

Respectfully submitted,

*Robert T. Perry*

ROBERT T. PERRY (RP-1199)
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410

*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------------x
KEVIN HILL,                                              :
                                                        :
                              Plaintiff,                :
                                                        :
              -against-                                 :
                                                        :
THE CITY OF NEW YORK; OLIVER CASTILLO,                  :
Individually and in His Official Capacity; EZEQUIEL    :
MARTINEZ, Individually and in His Official Capacity;   :
and JOHN/JANE DOES, Nos. 1-10, Individually and        :
in Their Official Capacities (Members of the New York  :
City Police Department Whose Names Are Presently       :
Unknown to Plaintiff),                                 :
                                                        :
                              Defendants.               :
------------------------------------------------------------------------------x

## COMPLAINT

ROBERT T. PERRY
45 Main Street, Suite 230
Brooklyn, New York 11201
(212) 219-9410
*Attorney for Plaintiff*